# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **T.M. and K.M.**

**No. 17-0873** (Ohio County 17-JA-14 and 15)

**FILED**

**March 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother E.M., by counsel Michael Baum, appeals the Circuit Court of Ohio County's July 24, 2017, order terminating her parental rights to T.M. and K.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Neizgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Joseph J. Moses, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights to T.M. and K.M. on the sole basis of her incarceration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2017, the DHHR filed a petition alleging that T.M. and K.M.'s father overdosed on opiates and maintained a marijuana grow operation in the home where the children resided. Petitioner could not be located. The father and children stated that they had not heard from petitioner in a few years and the father believed that petitioner may be incarcerated out of state. Accordingly, the petition alleged that petitioner had failed to provide any emotional, physical, or financial support and had abandoned the children. At the preliminary hearing, the DHHR notified the circuit court that petitioner was then incarcerated in the State of Florida.

The circuit court held an adjudicatory hearing, and petitioner appeared by phone from her correctional facility in Florida. Petitioner stipulated that she was a drug addict and was

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

incarcerated on felony drug charges. Petitioner believed she would be released from incarceration in May of 2019.

The circuit court held a dispositional hearing and heard testimony from petitioner, the father, and a DHHR worker. Petitioner testified that she began using drugs at the age of fifteen, now age thirty-five. Although she experienced periods of sobriety, petitioner was abusing substances when she was arrested for her current felony charges in 2016. Petitioner's lengthy criminal history was introduced into evidence and she testified she was motivated to commit her drug and theft related crimes as a way to procure more controlled substances. Petitioner participated in a substance abuse treatment program in 2008, but relapsed within the year. Petitioner testified that she last saw T.M. and K.M. in 2014 and 2015, respectively. Petitioner testified that she shared custody with the father without a custody agreement and that petitioner allowed the children to visit with the father. Petitioner alleged that the father did not let the children return to Florida after these last visits; the father denied this allegation and asserted that petitioner never exercised custody over the children. Instead, the father asserted that for several years the children resided with either petitioner's mother or his mother in Florida, and petitioner merely visited the children. The father testified that once he learned petitioner was abusing substances in 2014, he decided to remove the children from Florida so they would not be exposed to her substance abuse. Further, the father testified that petitioner did not attempt to make contact with the children by phone or through social media, nor did she provide any kind of support.

The circuit court found petitioner had a lengthy criminal and substance abuse history, was currently incarcerated, and was unable to adequately provide for her children due to her incarceration. Further, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was in the best interest of the children to terminate petitioner's parental rights. Ultimately, the circuit court terminated petitioner's parental rights in a July 24, 2017 order. [2] Petitioner now appeals that order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply

_____

[2]According to the respondents, the children's father's is participating in an improvement period. The children are currently placed in a kinship home. The permanency plan is either reunification with the father or adoption in that relative's home.

2

because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court abused its discretion and committed clear error by terminating her parental rights on the sole basis of her incarceration. Petitioner relies on *Cecil T.* and asserts that "no other factors were considered at the disposition hearing other than petitioner's incarceration." We disagree.

Our review of the record on appeal reveals the circuit court considered factors other than petitioner's incarceration, in addition to petitioner's incarceration, in its decision to terminate her parental rights.  It is clear from the record on appeal that the circuit court considered petitioner's "extensive criminal and substance abuse history," petitioner's history of incarceration, and her lack of consistent care of the children. In fact, petitioner testified and admitted to all these circumstances and referenced the admission in her argument on appeal. Those were all factors included in the dispositional order. Additionally, the record shows that petitioner admitted to a pattern of criminal and substance abuse activity beginning at age fifteen; did not contact the children for two years after they left Florida; never sought contact with the children during the proceedings; did not provide the children with any financial or emotional support since 2015, either before or during her incarceration; and consistently relied on family members to parent her children during her multiple incarcerations. The circuit court heard much of this evidence from petitioner herself. Moreover, petitioner is incorrect in arguing that incarceration cannot be the sole basis for the termination of parental rights. "[T]his Court has never held that incarceration can not be the sole basis for terminating parental rights." *Cecil T.*, 228 W.Va. at 96, 717 S.E.2d at 880. Accordingly, even taking petitioner's argument as true, the circuit court committed no error. For these reasons, petitioner is entitled to no relief in this regard.

West Virginia Code § 49-4-604(b)(6) provides that the circuit court may terminate parental rights when "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." Further, West Virginia Code § 49-4-604(c) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when the parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help" and, more specifically, "the abusing parent . . . [has] habitually abused or [is] addicted to . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through with the recommended and appropriate treatment." Upon such a finding, the circuit court may terminate a parent's parental rights without the use of less-restrictive alternatives. Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011).

The circuit court correctly found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future. Through petitioner's candid

testimony, the circuit court learned of her cycle of drug abuse and incarceration which required that others take responsibility for her children. Petitioner even testified that once T.M. and K.M. left Florida, the pain of the separation led her to further abuse controlled substances. Rather than attempt to make any contact with her children, petitioner resorted to substance abuse. As a result, petitioner is incarcerated and unable to properly parent her children. Moreover, the controlling standard that governs any dispositional decision is the best interests of the children. Syl. Pt. 4, *In re B.H.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Petitioner asserts that maintaining a parental bond would be in the children's best interest; however, petitioner did not maintain that bond for over two years and she will be in prison until 2019. The record is clear that petitioner's past actions were consistently motivated by substance abuse rather than the best interest of her children. The circuit court was correct in finding there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future. Accordingly, we find that the circuit court did not abuse its discretion or commit clear error in terminating petitioner's parental rights.

Lastly, because the proceedings in circuit court regarding the father are still ongoing, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the

child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 24, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  March 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker